UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-494-FDW
(3:05-cr-53-FDW-1)

| | |
|---|---|
| **ROBERT MONROE GOODRUM,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon its own motion.

On June 27, 2016, the Clerk of Court received an undated, two-sentence letter from Petitioner Robert Monroe Goodrum asking that his sentence be vacated pursuant 28 U.S.C. § 2255 on the grounds that it was no longer valid under Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 1.) The Clerk docketed the letter as a § 2255 Motion to Vacate[1] but sent Petitioner a deficiency notice, informing him that his Motion to Vacate was not on the form prescribed for use by this Court. (Doc. No. 2.) The Clerk enclosed the proper 28 U.S.C. §2255 form and directed Petitioner to correct the deficiency by completing the form and returning it within 21 days. (Id.) The Clerk also warned Petitioner that failure to return a completed form could result in dismissal of his §2255 Motion for failure to prosecute. (Id.)

The deficiency notice and §2255 form were mailed to Petitioner at FCI Elkton on September 26, 2016. As of the filing of this Order, Petitioner has not returned a properly completed §2255 form to the Clerk of Court.

---

[1] The Clerk docketed the letter-Motion as having been filed on June 21, 2016, the date on which it was mailed from FCI Elkton, where Petitioner is incarcerated. (Envelope, Doc. No. 1-1.)

1

The Court finds that Petitioner has had ample time to complete the form and return it to the Clerk of Court. The Court concludes that Petitioner's §2255 letter-Motion should be dismissed without prejudice for failure to prosecute this action.

**IT IS, THEREFORE, ORDERED THAT:**

1. The Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1) is **DISMISSED without** prejudice for failure to prosecute this action; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 28, 2016

Frank D. Whitney
Chief United States District Judge